**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
~~FLORENCE~~ DIVISION
*Charleston*

MAR 19 2004

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

| | |
|---|---|
| Michael Cutino, | Jury Trial Requested |
| Plaintiff, | 2:04-877-18BG |
| v. | **COMPLAINT** |
| Bobby Warner, Press Courtney, Mike Mahon, Waccamaw Management Co., and The Litchfield Company, | |
| Defendants. | |

The Plaintiff, above named, complaining of the Defendants herein, would respectfully show unto this honorable court:

**JURISDICTION**

1. This action arises under the 14th Amendment of the United States Constitution under the laws of the United States, particularly Title 42 U.S.C. Section 1981 as hereinafter more fully appears.

2. That this court has jurisdiction of this cause under provision of the United States Code Title 28, Sections 1331, 1343, and 1441(c).

3. That the common law as modified by the Constitution and statutes of the sovereign State of South Carolina is not inconsistent with the Constitution and laws of the United States and should be extended to govern this district court of the United States in the trial and disposition of this cause, particularly

/

with respect to such common law doctrines as breach of contract and breach of contract accompanied by fraudulent intent.

4. That the Plaintiff is a citizen and resident of the County of Georgetown, State of South Carolina and of the United States of America.

5. That at all times herein relevant, the Defendants Bobby Warner, Press Courtney, and Mike Mahon were duly appointed agents of Defendants, Waccamaw Management Co., and the Litchfield Company. That at all times herein relevant, Defendants, Waccamaw Management Co., and the Litchfield Company were the employers, exercising authority, power, and control over the Defendants Bobby Warner, Press Courtney, and Mike Mahon.

### **FACTUAL ALLEGATIONS**

6. That Plaintiff is a black male who was employed by the Defendant, Waccamaw Management Company.

7. That beginning on September 10, 2001, white employees were paid for over forty (40) hours per week, while black employees were not paid for over forty (40) hours of work per week.

8. That trucks designated for employee use were systematically taken from black employees and given to white employees.

9. That Plaintiff reported racial issues to Mike Mahon and was subsequently told by Defendant Press Courtney to mind his own business or he would be fired.

10. That on or about December 6, 2001 Plaintiff had a discussion with Defendant Press Courtney concerning the differences in hours which the Plaintiff had worked, in which the Defendant Press Courtney instructed the Plaintiff to "sit your black ass down."

11. That Plaintiff was fired on December 6, 2001 in retaliation for his raising the issue of racial discrimination.

## FOR A FIRST CAUSE OF ACTION

### (Violation of Civil Rights - 42 U.S.C. Section 1981)

12. Plaintiff herein repeats and reiterates each and every allegation contained in the preceding paragraphs as though set forth herein verbatim.

13. That the Plaintiff entered into a contract with Defendant Waccamaw Mangement Company wherein for mutual promises and undertakings, Plaintiff would render certain services in return for which he would be paid a certain sum by Defendant Waccamaw Management Company.

14. That Plaintiff was not given full and equal benefit of his rights and privileges pursuant to this contract as was enjoyed by white citizens.

15. That as a direct consequence of not being afforded the same rights and privileges as white citizens, Plaintiff suffered inferior working conditions, was deprived of his employment and lost income, as well as suffering humiliation and

mental anguish.

## FOR A SECOND CAUSE OF ACTION

### (Violation of Contract of Employment)

16. Plaintiff herein repeats an reiterates each and every allegation contained in the preceding paragraphs as though set forth herein verbatim.

17. That Plaintiff received an employee handbook in which Defendant Waccamaw Management Company promised among other things to maintain a work environment free from discrimination, coercion, or harassment.

18. That Defendant breached its promises to Plaintiff in the following particulars: in failing to maintain a work environment free from discrimination, coercion, or harassment. In terminating Plaintiff because of his race and his insistance on Defendant following its nondiscrimination policy.

19. That as a direct consequence of Defendant Waccamaw Management Company's breach of its promises, Plaintiff suffered the following damages: inferior working conditions, deprivation of his employment and lost income, as well as humiliation and mental anguish.

## FOR A THIRD CAUSE OF ACTION

### (Breach of Contract Accompanied by Fraudulent Act)

20. Plaintiff herein repeats an reiterates each and every allegation contained in the preceding paragraphs as though

set forth herein verbatim.

21. That accompanying Defendant's breach of its contract with and promises to Plaintiff, Defendant committed fradulent acts by among othe things giving false and pretextual reasons for Plaintiff's termination.

22. That as a direct result Plaintiff further suffered damage to his reputation, further mental anguish and is entitled to punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendants for his actual and consequential damages, punitive damages, for costs including his attorney's fees, and for such other and further relief as this Court may deem just and equitable.

_____
Wm. Gary White, III
Attorney for Plaintiff
2009 Lincoln Street
Columbia, SC 29201
(803) 256-2115
FID# 3130

Columbia, South Carolina

March ____9____, 2004.